### JOEL P. BLAIR v. BENJAMIN FIELDS.

*Error from Doniphan County.*

1. NEW TRIAL: TESTIMONY.—This court will not disturb the verdict of a jury and refusal of the court below to grant a new trial, merely on a preponderance of testimony against the verdict.

2. NEW TRIAL: RECORD.—Where the record does not purport to contain all the evidence, this court can not determine whether the court below erred or not in refusing to grant a new trial.

This action, originally brought by defendant in error before a justice of the peace for work and labor done, and tried by a jury, was appealed to the district court of Doniphan county, where a jury trial was again had and a verdict rendered in favor of plaintiff below, defendant in error, and judgment entered thereon; to reverse which, a petition in error was filed in this court, setting forth several grounds of error, each involving the regularity of the proceedings on the trial in the court below. The bill of exceptions, filed in the court below, sets forth testimony on both sides of the issue joined, and is conflicting. It does not purport to give all the evidence.

*E. J. Jenkins and D. M. Johnson,* for plaintiff in error.

*No counsel,* for defense.

*By the Court,* KINGMAN, C. J.

The only error complained of in this case is the refusal of the court below to grant a new trial. No exceptions were taken to the rulings of the court in the admission of testimony, or in instructions to the jury. It is only claimed that the verdict is against the evidence.

We need not again state the rule of this court on such a case; we do not weigh the evidence; that was the province of the jury. It is enough that there is evidence to support the verdict; and the court below having refused to grant a new trial, it is not for us to overrule its decisions because we may think the weight of evidence is against the verdict.

A better reason, if possible, may be given. The record does not purport to contain all the evidence, and therefore, it is absolutely impossible for this court to form any opinion as to whether the verdict should have been set aside or not.

The decision is affirmed.

All the justices concurring.