## MORRISON v. WILKERSON.

Action of right: ESTOPPEL: LANDLORD AND TENANT. In an action of right it is sufficient for the plaintiff to trace his title back to a point at which the defendant is estopped from denying the same, as to a grantor from whom defendant admitted that he held the premises as tenant, and acknowledged his title thereto as landlord.

*Appeal from Keokuk District Court.*

FRIDAY, JUNE 25.

REAL ACTION.—Defendant appeals from a judgment against him upon the merits. The facts will appear from the opinion.

*C. H. Mackey* for the appellant.

*G. D. Woodin* for the appellee.

WRIGHT, J. — The record contains *two* final judgments— one in October, 1867, the other in February, 1868. If the *first* is the one appealed from, then appellee's motion to dismiss the appeal should prevail, for the appeal was not taken until February, 1869. If the *latter* (and this is the better construction of the transcript), then we find no bill of exceptions containing the evidence, or setting forth the action of the court, on such trial. And, upon this ground, we might, without violating any rule, affirm this judg·

ment. Lest, however, this might be unjust to appellant, and not warranted by the facts as they transpired, we prefer to notice, as we do very briefly, the points made.

Plaintiff deduced title from one Downy. On the trial he proved that defendant was Downy's tenant, and that he had in writing acknowledged the title of his said landlord.

As the record stood (in addition to the proof, the answer admits the tenancy) defendant was estopped from denying this title, and plaintiff was hence not required to show more than that he derived title from such landlord. This is familiar law. Adams on Ejectment, 248; 2 Greenl. Ev. § 307; *Byers* v. *Rodabaugh*, 17 Iowa, 53, and other the cases cited therein.

There is no question of notice, resulting from the recording of plaintiff's deed, which defendant says was defectively acknowledged. It was good between the parties, without acknowledgment, and as to all persons not having superior equities. The title passed to plaintiff by the deed, and for this case it is immaterial to inquire what, under other circumstances, might be its possible defects. We do not, therefore, stop to determine whether the acknowledgment was or was not defective.

Defendant sets up a tax title. It seems, however, that his deed is based upon a certificate of sale made to one McIntosh in October, 1863, and assigned in March, 1864. In January, 1865, Downy brought his action of right against McIntosh, as a party in possession of this property, and that defendant was Downy's attorney therein. What was done with this case does not appear. But it is shown that after this (September, 1865), defendant acknowledged Downy's title, and took the property from him as his tenant. Under these circumstances, whether the proof offered of defendant's acknowledgment, that he bought the tax title for Downey, and as his attorney, and to go on the rent — we say whether this proof was or was not admissi-

ble, in view of the pleadings, is quite immaterial, for without it the recovery was clearly right.

Defendant had no title paramount to plaintiff's.

Plaintiff recovers, too, not upon the weakness of his adversary's title, but upon the strength of his own, which that adversary is estopped both in law and equity from denying.

Affirmed.