# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1871.

PRESENT—HON. S. A. KINGMAN, CHIEF JUSTICE.
HON. D. M. VALENTINE, } ASSOCIATE JUSTICES.
HON. D. J. BREWER,

7   17
57  788

### ♦ BURTON AND SHOEMAKER V. BOYD.

1. NO JUDGMENT—*No Damages—No Error.* A party against whom no judgment has been rendered or final order made, and who, after the trial in the court below, moved for and obtained an order granting him a new trial, has no good reason to complain in this court of the action of the court below.

2. SPECIAL VERDICTS. It is not necessary that the special verdict of a jury should contain facts admitted by the pleadings.

3. INSTRUCTIONS—*When harmless, though erroneous.* Although it may be error for the court to give as an instruction to the jury an abstract proposition of law that has no application to the case under consideration, yet, unless it be made reasonably to appear that the jury were misled by such instruction, the judgment of the court below will not be reversed for such error.

4. DEED—*Delivery.* It is necessary, as a rule, that to constitute a sufficient delivery of a deed the grantor shall part with all control over the deed; and this rule applies in all cases where there is no evidence tending to show that the grantor did both deliver the deed, and also retain some control over it.

5. —————— If a deed which shows upon its face that it was signed and acknowledged, but does not show upon its face or elsewhere that it

2

was ever delivered, be found in the possession of the grantor at the time of his death, the presumption, from such facts, is, that the deed was never delivered, and it will devolve upon the party claiming that it was delivered, to prove the same.

6. EVIDENCE—*Relationship*. When it is claimed, and the evidence seems to show, that the grantor, by his deed to the grantee, has attempted to defraud the plaintiff, and where the defendant holds under such grantee, relationship between the grantor and grantee may be shown as a circumstance, along with the other facts in the case, tending to prove and explain the nature and character of the transaction between the grantor and grantee.

7. ——— *Competency of*. When evidence of the ability of a person to purchase and pay for a particular tract of land is allowed in support of the claim that such purchase and payment were in fact made, it is not error to admit the books of the United States Assessor and Collector, showing the amount of income for which such person was assessed and taxed, to be read in evidence in opposition to the claim of ability to make the pretended purchase and payment. Such evidence may be weak; but it is competent, as tending to show the amount of such person's income.

### *Error from Leavenworth District Court.*

EJECTMENT for two certain lots in the city of Leavenworth, brought by *Edmonia T. Boyd*, as plaintiff, against *John Burton* and *John Shoemaker*. The petition alleged that the plaintiff was the owner of the lots, and that the defendants kept her out of possession of the same. The defendants answered separately. *Burton* filed a general denial only. *Shoemaker* filed an answer containing two defenses—first, a general denial, except as qualified by the second: the second defense stated that the title to the said lots was originally in *Charles M.* Boyd; that the plaintiff, Edmonia T. Boyd, was the wife of said *Charles M.;* that the said *Charles M.* and his said wife sold and conveyed by deed the said lots to *John R.* Boyd, and that said *John R.* leased the lots to defendant *Shoemaker,* and that he, (Shoemaker,) held said lots as tenant of said

John R. Boyd.   The plaintiff replied to this answer, denying generally all the allegations thereof, except that she was the wife of said *Charles M.* Boyd, and that said *Charles M.* had been the owner of said lots, and these two facts she admitted.

The action was tried by a jury.   On the part of the plaintiff it was claimed the deed from *Charles M.* Boyd to *John R.* Boyd, under which defendants claimed, was executed without consideration, and in fraud of the rights of the plaintiff as the wife of said *Charles M.* Boyd ; and a part of the evidence given in support of this proposition established the fact that said *Charles M.* and *John R.* were brothers.   Plaintiff also claimed that the deed had never been delivered.   The deed was found in the possession of Charles M. Boyd at the time of his death ; and evidence was offered by defendants to establish a delivery, and by plaintiff to show that no delivery had been made.   Certain interrogatories were submitted to the jury for their consideration.   The *sixth* related to the instrument purporting to be a deed, and was as follows :   " Was the deed *delivered* by Charles M. Boyd in his lifetime to the grantee, John R. Boyd ? " With reference to this interrogatory the court instructed the jury as follows :

" You have heard the testimony in relation to the matter involved in this interrogatory, and it is for you to say, from all the testimony you have heard, whether the deed was delivered or not; if you find it was delivered in the lifetime of Charles M. Boyd to his brother, you will answer it in the affirmative; if you should find it was not delivered, then you will answer in the negative. Bearing upon this interrogatory, I give you the following instructions :   The instrument under which the defendants claim title, cannot be set up as a deed of gift.   Unless the deed was delivered to John R. Boyd, it was absolutely void.   The following will instruct you somewhat as to

what constitutes a delivery of a deed:　To constitute a delivery so as to make the paper offered in evidence by the defendants, dated 14th of May, 1867, operate as a deed, Charles M. Boyd must have parted with all control over it for the purpose and intention that John R. Boyd should take under it.　If Charles M. Boyd delivered the deed which has been read in evidence to John R. Boyd, intending to convey the property to him, you will answer said *sixth* interrogatory in the affirmative. If the deed was in fact delivered, it makes no difference whether it was fraudulent or not; or in fact, whether any money was in fact paid or not; nor whether the plaintiff, (*Edmonia T. Boyd*,) signed it or not.　If this deed was in the possession of Charles M. Boyd at the time of his death, the presumption is that it never was delivered: and unless the defendants show by the preponderance of evidence, that it was delivered to John R. Boyd, the jury must answer this interrogatory in the negative.　The relationship existing between Charles M. Boyd and John R. Boyd is a circumstance the jury may consider; and if Charles M. Boyd remained in possession of the property from the date of the alleged sale to his death, as before, exercising acts of ownership inconsistent with the alleged sale, it is a circumstance the jury have a right to consider in determing whether or not there was a sale as claimed by the defendants."

The jury found specially, that said Charles M. Boyd died on the first day of February, 1868, without issue; and that the plaintiff was his surviving wife; that the plaintiff was not a resident of this State when her husband died, or at any time prior thereto subsequently to her marriage to him; that the said deed to *John R. Boyd* was not subscribed by the plaintiff, *Edmonia T.*, but by her husband only, and that it was not *delivered* by him in his lifetime to said John R. Boyd; that the plaintiff did not at any time prior to the commencement of this action elect under which of the statutes of Kansas she would take the property left her by her deceased husband; that the defendant *Shoemaker* had occupied the said lots since

February 1st, 1868, and that the rental value thereof was twenty dollars per month. The jury did not find any general verdict, but only said special findings. Upon the pleadings and these special findings the court below rendered a judgment in favor of the plaintiff and against the defendant *Shoemaker* for the recovery of the property, and for costs; but did not render any judgment for damages. No judgment was rendered against defendant *Burton*. A motion for a new trial was granted to the defendant *Burton*, and overruled as to the defendant *Shoemaker*. Other facts are stated in the opinion of the court. The defendants bring the case here by petition in error for review.

*F. P. Fitzwilliam* and *E. Stillings* for plaintiffs in error:

1. The special verdict is bad, and will not sustain the judgment rendered in this case. The jury were sworn to well and truly try the matters submitted to them. Gen. Stat., 681, § 274.

The special verdict made no finding as to title or ownership of the property in question. It was negative in its character. It simply found that a certain deed was not delivered. Such a verdict is not good. *Miller v. Shackleford*, 4 Dana, 264. What is not found by a special verdict, will be taken not to exist. *Thayer v. United States*, 20 Penn. St., 60.

Every fact essential to the plaintiff's right of recovery must be found in a special verdict. It cannot be aided by intendment, or a reference to extrinsic facts; and if the plaintiff's case, as thereby shown, is a defective case, or defective title, judgment should be given for the defendants. Hill on New Trials, 104, § 10; *Brown v. Ferguson*, 4 Leigh, 39; *Vines v. Browning*, 2 Dev., 537.

2. The special verdict could not be so framed as to

make findings of fact as to one defendant and not to the other in the same action. Such a verdict is bad; it responds to but one of the pleas filed. Hill on New Tr., 114; *Manning v. Monaghan*, 23 N. Y., 541; *Ronge v. Dawson*, 9 Wis., 246; *Carr v. Stevenson*, 5 Humph., 559, *Horsley v. Browning*, 1 Humph., 199: *Gonzales v. Leon*, 31 Cal., 98; *Patterson v. Hubbard*, 30 Ill., 201; 30 Ga., 608; 4 Howard, 556.

3. The general denial in Shoemaker's answer put in issue every fact alleged in the petition, and covered every point that plaintiff was bound to establish on the trial. *Steven v. Griffith*, 3 Verm., 448.

"Both parties to a suit in ejectment claimed title from the same grantor. The deed of the defendant was declared void; it was held that he no longer claimed under the plaintiff's grantor, in such a way as to estop him from denying the grantor's title." *McDougall v. McLean*, 1 Wins., (N. C.) No. 1, 120; 25 U. S. Dig., 203, § 99.

4. The court erred in instructing the jury that, "The instrument under which the defendants claim title cannot be set up as a deed of gift;" and then instructing them that, "If the deed was in fact delivered it makes no difference whether it was fraudulent or not; or in fact whether any money was in fact paid or not, nor whether the plaintiff signed it or not." The first instruction is inconsistent with the second, and is erroneous. *Jackson v. Gamsey*, 16 Johns., 188.

It was an abstract proposition of law tending to mislead the jury. The parties to the action did not set up or claim or attempt to show from the evidence that the deed to John R. Boyd was a deed of gift, and the court had no right to instruct upon an assumed state of facts. The instructions were bad in assuming that both defendants claimed title under this deed.

5. The instruction that, " To constitute a delivery, so as to make the paper offered in evidence by the defendants, dated 14th May, 1867, operate as a deed, Charles M. Boyd must have parted with all control over it for the purpose and with the intent that John R. Boyd should take under it," was not the correct rule of law. This instruction goes too far. It is not necessary to constitute a sufficient delivery of a deed that the grantor shall part with all control over it. 2 Greenl. Ev., § 297; 4 Kent, 531, *notes*, 1, 2; *Scrugham v. Wood*, 15 Wend., 545; *Foley v. Vantuyl*, 4 Halst., 152; *Moore v. Hazelton*, 9 Allen, 106; *Tipton v. Ross*, 10 Ohio, 273; *Licard v. Davis*, 6 Peters, 135; *Somers v. Phineyberg*, 24 Ind., 231; *Hastings v. Vaughn*, 5 Cal., 315; *Wilson v. Smith*, 10 Ind., 67; 17 Ala., 89.

6. The court erred in instructing the jury that, " If the deed was in the possession of Charles M. Boyd at the time of his death, the presumption is that it never was delivered; and unless the defendants show by the preponderance of evidence that it was delivered to John R. Boyd, the jury must answer this interrogatory in the negative."

The first part of this instruction invaded the province of the jury, and deprived them of the right to determine from all the evidence whether the deed was or was not delivered. This was a presumption of fact, given to the jury as a direction on a point of law. Where a presumption is one of fact merely, the court is not warranted in declaring it to the jury as a presumption of law. *Ham v. Barrett*, 28 Mo., 388; *Easterling v. State*, 30 Ala., 46; *State v. Lynott*, 5 R. I., 295; *Firemen's Ins. Co. v. Walden*, 12 Johns., 513; *Still v. Glass*, 1 Kelly, 465; 44 Mo., 20, 91; 1 Watts, 278; 8 Conn., 39; 3 Chand., (Wis.,) 240.

"A charge assuming a fact to be a question of law is erroneous." (23 Ala., 335.) "An inference of fact can only be drawn by the jury." 25 Ala., 262.

7. The court erred in instructing the jury that, "The relationship existing between Charles M. Boyd and John R. Boyd is a circumstance the jury may consider; and if the said Charles M. Boyd remained in possession of the property from the date of the alleged sale to his death, as before, exercising acts of ownership inconsistent with the alleged sale, it is a circumstance the jury have a right to consider in determining whether or not there was a sale as claimed by the defendants."

The court has no right to comment on facts and direct a verdict: 44 Mo., 20, 91.

The law raises no presumption of fraud from the fact that the vendor and the vendee were brothers-in-law. 6 Robinson, La., 1320; 19 Lou. An., 600.

8. The testimony on the part of defendants tended to prove that prior to the commencement of the litigation between the plaintiff and her husband, the deed was in the possession of the grantee, and that it was obtained by plaintiff's husband at the time and on account of that trouble; and the evidence of the administrator shows it was in the safe of Charles M. Boyd, at his death, with other papers belonging to John R. Boyd. On this state of the testimony the court instructs the jury that, "If the deed was in the possession of Charles M. Boyd at the time of his death, the presumption is it was never delivered"—thus taking from them every consideration of the former possession of the deed by the grantee, and of the manner and purpose for which Charles M. Boyd had obtained it. It was no fair submission of the question arising on the evidence. *Wash. Mut. Ins. Co. v. Merrill*, 5 I. S., 450.

9. The court erred in admitting the Revenue Collector's book in evidence; it was offered to show that the grantee had not sufficient income to purchase the property, but it does not appear that he made any return of his income, or whether even the assessor did. Even if it had been so shown, this book was the result of calculations and copies made from some other books and papers.

*J. S. Jelly* and *R. H. Hously* for defendant in error:

1. On motion of defendants below the court granted a new trial as to Burton, but refused it as to Shoemaker, and rendered judgment against him for possession of the property in controversy. Burton therefore should not be joined as one of the plaintiffs in error. No exception was taken by either party to the order granting *Burton* a new trial.

A new trial will only be granted on application of the party *aggrieved*. If Shoemaker was not *aggrieved, he* was not entitled to a new trial, while Burton, if aggrieved, (for any of the causes enumerated in the statutes,) was. Gen. Stat., 687, § 306; 16 Ohio St., 112; 20 Pick., 350; 10 How. Pr., 371, 375; 10 Pickering, 461; 4 Taunt., 555; 7 Bing., 437.

If the verdict is imperfect by finding less than the whole issue, the proper step is not a motion for a new trial, but an application for a *venire de novo*. 18 Ind., 44; Gould's Pl., 525, § 62; 11 Wheat., 415.

2. The defendants being severally liable, (Hill & Denio, Sup., 290, 391; 4 Cal., 80; 7 Cal., 417; 26 Cal., 276,) the court below was authorized to render judgment against one, leaving the action to proceed against the other. Civil Code, §§ 268, 396; 8 Howard Pr., 151, 155.

The judgment against Shoemaker for the whole of the premises, is right and proper; and Shoemaker alone excepted to the overruling of the motion for a new trial as to Shoemaker. If the judgment should be joint, the exception overruling the motion should be also. If he did not intend to defend for the whole of the premises his answer should describe the particular part for which his defense is made. Civil Code, § 596.

3. A special verdict need not include anything admitted by the pleadings. 4 Selden, 483, 485; 7 Abb. Pr., 90. The issue is the title and right of entry of the plaintiff, possession under the pleadings being admitted. Gen. Stat., 748, § 596; 4 Dana, 282.

It was only necessary for the jury to find as against Shoemaker, that Charles M. Boyd died before the commencement of this suit, without issue, the owner of the property in controversy, and that the plaintiff below was his surviving widow; all else being admitted by the pleadings. The jury having so found, and possession by Shoemaker being admitted, and all claims for damages having been dismissed, and as plaintiff inherited the whole of the property without making an election, (Comp. Stat. 1862, Ch. 214, § 1, and Ch. 141, § 8,) regardless of her residence, (Story on Conflict of Laws, 428, 483, 483a; 5 Barn. & Cress., 438; 9 Wheaton, 570; 10 Id., 192,) the plaintiff was entitled to the judgment which was given in her favor.

4. The jury found there was no delivery of the deed; and as the bill of exceptions does not contain all the evidence, this court will presume such finding correct. McGrew v. Armstrong, 5 Kas., 284; Shelton v. Dunn, 6 Kas., 128.

5. Suppose the court did give instructions which are

erroneous as abstract propositions of law; the propriety of such instructions affecting a trial depends upon the evidence, and if it is not all preserved in the bill of exceptions, this court will presume the judgment below to be correct. 9 Mo. 165; 18 Mo., 256; 26 Mo., 29.

6. The court instructed the jury that the deed could not be set up as a deed of gift. This is certainly correct under the pleadings. 4 Kas., 17; 2 Johns. Ch., 43; 34 Penn. St., 255; 2 Ves., 628; 2 Hilliard on Real Prop., 277; 2 Md. Ch., 221; Shep. Touch, 222, 510; 13 U. S. Dig., 363, § 97; 3 Mass., 358, 359.

The instructions in regard to the "delivery" of the supposed deed, and what is necessary to constitute such a delivery as will pass the title, were correct: 5 Ired., 505; 12 Ill., 132; 7 Petersdorff's Abr., 660; 1 Halst. Ch., 430, 449; 30 Me., 112; 2 Ind., 564; 10 Ind., 194; 2 Sneed, 164; 8 Met., 437; 1 Dev. Eq., 14; 3 Ohio St., 383; *Hatch v. Haskins*, 5 Shepl., 391; *Dumask v. Farlee*, 1 N. J., 279.

So also were the instructions in relation to the relationship existing between Charles M. Boyd and John R. Boyd. 1 Fonbl. Eq., 270, and note; Roberts on Conv., 198, 199, 558.

The opinion of the court was delivered by

VALENTINE, J.: The first question for us to consider is, whether *Burton* has any just cause for complaining of the action of the court below. We are unable to discover any such cause. No judgment was rendered against him, although the findings of the jury, as far as they went, were against him; and he has no ground for claiming a judgment in his favor. He moved for a new trial and the court granted his

1 When there is no injury, no redress is required.

motion; and why he should now come to this court ·complaining, we cannot imagine.

II. The next question is, whether *Shoemaker* has any ·cause for complaint. He claims that the court below ought also to have granted him a new trial, *first*, because the special findings of the jury were not sufficient to sustain the judgment; *second*, because the special findings of the jury were not sustained by sufficient evidence; *third*, because the court erred in the instructions to the jury; *fourth*, because the court erred in the admission of testimony.

*First :* Are the special findings of the jury sufficient to sustain the judgment of the court below? We think they are. It is true that they do not of themselves contain all the facts necessary to sustain the judgment; but the essential facts not found by the jury are admitted by the pleadings. If a jury, in any case, find specially all the facts *put in issue* by the pleadings, their findings form, as we think, a good special verdict. (Gen. Stat., 684, § 285.) For what purpose should the jury to find facts which are not put in issue by the pleadings? and upon what evidence would they find them? ·Could evidence be introduced to prove facts, not in issue in the case? And if the jury should find such facts without evidence, would not their verdict be set aside because ·not sustained by sufficient evidence? Could a *verdict* of a jury, general or special, be anything else except a finding or a decision of the jury upon some *issue* or *issues* presented to them? If the jury were required to reiterate what the parties had agreed upon in their pleadings it would be a misuse of language to call such reiteration a " verdict." It is our opinion that it is not necessary nor proper that a special verdict should contain facts ad-

*Margin note: 2. Special findings—what necessary.*

mitted by the pleadings. (*Barto v. Himrod*, 8 N. Y., 483, 485; 7 Abbott's Pr., 90.) In this case both parties admitted by their pleadings that Charles M. Boyd was originally the owner of the lots in controversy; and both parties, by their pleadings, claim to hold under him, and therefore it was not necessary for either party to go beyond him to prove their title. (9 Iowa, 554; 16 Iowa, 10; 27 Iowa, 374; 33 Mo., 249; 2 Greenl. Ev., § 307; Tyler on Eject., 700.) The plaintiff claims that she succeeded to the rights of Charles M. Boyd by virtue of his death without issue, and she being his widow; the defendant Shoemaker claims that he succeeded to Charles M. Boyd's rights, or rather to his right of possession, by virtue of being the tenant of John R. Boyd, and by virtue of the deed alleged to have been executed by *Charles M.* and the plaintiff to *John R.* Boyd. The issues for the jury to try were, who did succeed to the rights of Charles M. Boyd? The jury tried these issues and found a special verdict upon them. They found that Charles M. Boyd was dead; that he died without issue; that the plaintiff was his widow; that she never signed said deed, and that the deed was never delivered by her husband to John R. Boyd. Hence, under the statutes of Kansas the plaintiff became and was the absolute owner of the said lots, and was therefore entitled to the judgment that was rendered: Comp. Laws, 698, § 8; (Gen. Stat., 394, § 20.) No question has been raised in this court or elsewhere, whether the jury should not have found whether said Charles M. Boyd, in his life executed a will or not. Such a finding would have been proper; but as the burden of proving that a will had been executed, if such was the fact, rested upon the defendant, and as he did not at any time claim nor offer to prove that such was the fact, we could not reverse the judgment for a want of such finding, even if

the question had been specifically raised in this court. (Gen. Stat., 655, § 140.)  Although the judgment is against but one of the defendants, yet the verdict responds to both the pleas, and the findings are against both of the defendants.   But if the findings did not go far enough with respect to *Burton :* suppose that the jury had found the further fact, that Charles M. Boyd was the owner of the lots in fee-simple at the time of his death; then the verdict would have been sufficient as against both of the defendants, for all the other findings were against Burton, as well as against Shoemaker, and the judgment should then have been against both.   Under our statutes we suppose there can be no doubt, but that the court was authorized to render a judgment against one of the defendants, and leave the action to proceed against the other.   (Gen. Stat., 680, 704, §§ 268, 396.)

*Second :*  Are the special findings of the jury sustained by sufficient evidence ?   As the question comes to this court, we think they are.   The evidence was conflicting, but there was some evidence to sustain every finding, and there was no such preponderance of evidence against any finding as would warrant this court in reversing the judgment of the court below for that reason only : (5 Kas., 58, 82, 84, and cases there cited.)

*Third :*  Did the court err in its instructions to the jury ? The court submitted certain interrogatories to the jury, and the principal, if not the only objection to any portion of the charge urged in this court is the objection urged to that portion of the charge which instructed the jury with reference to the sixth interrogatory. We do not perceive any error in the instruction sufficient to reverse the judgment of the court below.   The instruction that " the instrument under which the defendants claim title cannot be set up as a deed of gift," was cor-

3. Instructions; abstract propositions.

rect; and although it may have been an abstract proposition of law, without application to this case, and therefore error to give it, yet we cannot see how it misled the jury; and if it did not mislead the jury then the defendant has no reason to complain. If it is true, as stated in the brief of counsel for the defendants below, that " the parties to the action did not set up or claim, or attempt to show from the evidence that the deed to John R. Boyd was a deed of gift," then the instruction was unnecessary. Sometimes however the argument of counsel makes an instruction necessary that would not otherwise be necessary.

The instruction that " to constitute a delivery so as to make the paper offered in evidence by the defendants, dated 14th May, 1867, operate as a deed, Charles M. Boyd must have parted with all control over it for the purpose, and with the intent that John R. Boyd should take under it," was the correct rule of law for this case. The counsel for defendants below claim that this instruction goes too far, that it is not necessary to constitute a sufficient delivery of a deed that the grantor should part with all control over it. But such is the general rule; and if there are any exceptions this case certainly does not fall within them. The grantor must have parted with all control over the deed in this case, or else it was not delivered at all. If the evidence of the defendants below was true, the grantor did part with all control over the deed; and if it was not true, he did not deliver the deed at all. There was no evidence offered or given that tended to prove that he both delivered the deed, and at the same time continued to retain any control over it. But the jury must have found that the evidence of the defendants tending to show a delivery, was not true. If there was a mistake anywhere it must.

*4. DEED—delivery.*

have been with the jury, and not with the charge of the court.

The instruction that "if the deed was in the possession of Charles M. Boyd at the time of his death, the pre-

*5. Delivery—pre-sumption of law.* sumption is that it never was delivered; and unless the defendants show by a preponderance of the evidence that it was delivered to John R. Boyd, the jury must answer this interrogatory in the negative," is not, if construed properly an erroneous statement of the law. It is true, that a construction may be put upon this instruction which would render it erroneous; but such construction, taking the whole charge together, would be a forced construction, and not the proper one to give to it. The court did not mean to say that if the deed was found in the possession of Charles M. Boyd, at the date of his death, the presumption would be, notwith-standing the other evidence, that the deed was never de-livered; but the court simply intended to say, that if the deed was found in the possession of Charles M. Boyd, at the date of his death, the presumption would be, aside from, or in the absence of, other evidence, that the deed was never delivered; and this we think was a correct statement of the law. The burden of proving the delivery of a deed always rests upon the party claiming that it was delivered, and never upon the other party. In the case at bar the burden of proving that the deed from Charles M. Boyd to his brother John R. was delivered to said John R. Boyd, rested upon the defendants, and not upon the plaintiff; and it devolved upon the defendants to prove this fact by at least a preponderance of the evidence. We know of no exception to this rule. It is possible that in some cases a bare preponderance of the evidence is not sufficient to prove a fact; but we know of no case where less than a preponderance is sufficient. Proof that the

deed was executed, and that it remained in the possession of the grantor, was no evidence that the deed had ever been delivered; but on the contrary, it was some evidence that the deed had not been delivered. The authorities referred to by counsel for the defendants below, have no application to this deed. Where the evidence shows that an instrument in writing was executed by both parties, and that it remained in the possession of one of the parties, the jury may, in some cases, from such evidence, find that the instrument was delivered; and where the evidence shows that an instrument was executed by one of the parties only, and that the maker of the instrument acknowledged on the face of the same, and before subscribing witnesses, that he " signed, sealed and *delivered* " the same, the jury may be allowed to find, that the instrument was delivered. But the deed in this case was executed by one of the parties, the grantor only, and there was no acknowledgment upon its face that it had ever been delivered, and therefore, aside from other evidence, we think it would have been error to allow the jury to find that the deed was delivered.

The instruction that " the relationship existing between Charles M. Boyd and John R. Boyd is a circumstance the jury may consider; and if Charles M. Boyd remained in possession of the property from the date of the alleged sale to his death, as before, exercising acts of ownership inconsistent with the alleged sale, it is a circumstance the jury have a right to consider, in determining whether or not there was a sale as claimed by the defendants," was not erroneous. The court did not comment upon the facts further than it had a right to do, and it instructed the jury that they were the exclusive judges of the facts.

6. Evidence—relationship of parties;

Burton and Shoemaker v. Boyd.

*Fourth*: John R. Boyd testified that he paid $1,800 for the said lots. The plaintiff then introduced evidence to show that said John R. Boyd was a man of very limited means, and that he had not that much money or property. The defendants then introduced the testimony of John R. Boyd, and another witnesss, to prove that the income of John R. Boyd was probably about $500.00 per month. The plaintiff then introduced the books of the United States Assessor and Collector to prove what the amount of his income, on which he was assessed and paid taxes, was. The defendants excepted to this evidence. We think the court did not err in admitting it. It tended to prove the amount of John R. Boyd's income, although in fact it may have been weak evidence. But if it did not show the full amount of his income, it was probably principally his own fault; and the defendants hold under him. But we think the evidence would be good evidence anywhere as tending to prove the amount of Boyd's income.

7. —— and ability of purchaser to pay may be inquired into.

We do not think it necessary to notice any of the other questions attempted to be raised in this case. We have found no error in the case that affects the substantial rights of the defendants below, and therefore the judgment of the court below must be affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.