THE ATCHISON, TOPEKA & SANTA FE RAILROAD
COMPANY v. L. M. TODD.

No. 139.

1. CASE *Followed.* The case of *Beck v. Baden*, 3 Kan. App. 157, cited and followed.

2. COURTS OF APPEALS — *Jurisdiction.* Where a verdict has been set aside and a new trial granted, the refusal of the court to render judgment on the special findings of the jury is not such a judgment or order as we are authorized to reverse, vacate or modify under the authority granted by paragraph 4641, General Statutes 1889.

3. ——— *Review of Order Granting a New Trial.* Where one of the specifications of error contained in the petition in error and the brief is the order of the court sustaining a motion for a new trial, which contains 17 grounds upon which such new trial is asked and granted, the plaintiff in error is required affirmatively to show that none of the grounds of the motion was sufficient before reversal can be had.

4. ——— *Brief — Contents.* Where no argument is made or authorities cited in the brief of plaintiff in error upon the specification of error in granting a new trial, and we can discover no such error as would justify us in reversing the order of the court in granting such new trial, we cannot say that the court erred in making such order.

MEMORANDUM.— Error from Franklin district court; A. W. BENSON, judge. Action by L. M. Todd against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for injury by fires. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed October 7, 1896, states the material facts.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*John W. Deford,* and *F. A. Waddle,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Franklin county by L. M. Todd against the railroad company to recover damages alleged to have been sustained by him by fires caused by the negligence of said company. The jury returned a verdict in favor of Todd for $100, and answered the special questions submitted to them. The defendant below requested the court to instruct the jury to return a verdict in its favor, which request the court refused. The defendant below filed a motion for judgment upon the special findings, which motion was overruled. The plaintiff below filed a motion for a new trial, which motion was by the court granted. The defendant below excepted to the rulings and orders of the court and brings the case here for review.

The specifications of error enumerated in the brief of plaintiff in error are as follows:

"1. The court erred in refusing to instruct the jury to return a verdict for the defendant below, as requested.

"2. The court erred in overruling the motion of defendant below for judgment on the special findings, the general verdict to the contrary notwithstanding.

"3. The court erred in sustaining the motion of the plaintiff below for a new trial."

The petition in error contains but two allegations of error, which are as follows:

"1. That the said court erred in overruling the motion of said railroad company for judgment in its behalf and against the said defendant in error, L. M. Todd, upon the special findings of the jury made, returned and filed in said cause.

"2. The said court erred in sustaining the motion

of the said defendant in error, L. M. Todd, for a new trial of said cause and for granting a new trial therein.''

The first specification of error in the brief is not set forth in the petition in error and is therefore not complained of.    Following the rule laid down in the case of *Beck v. Baden*, 3 Kan. App. 157, we cannot consider this assignment of error.

The second specification of error relates to the refusal of the court to render judgment upon the special findings of the jury notwithstanding the general verdict.    The verdict has been set aside and a new trial granted.    Our authority to reverse, vacate or modify judgments or orders of the district court is granted by paragraph 4641, General Statutes of 1889. Our supreme court has held that, when the verdict has been set aside and a new trial granted, a refusal to render judgment on the special findings of the jury is not such a judgment or order as is enumerated in said paragraph 4641. (*Burton v. Boyd*, 7 Kan. 17; *A. T. & S. F. Rld. Co. v. Brown*, 26 id. 443.)

The third and last specification of error relates to the order of the court granting a new trial.    The new trial was granted upon the motion of the plaintiff below and contains 17 grounds upon which a new trial was asked.    It devolves upon the plaintiff in error affirmatively to show that none of the grounds of the motion was sufficient, before a reversal can be had. No argument is made or authorities cited in the brief of plaintiff in error upon this specification of error, and no mention is made of it except to assign it as error.    Our attention is nowhere called to the particular ruling in which the court erred.    No error is apparent to us.    We discover no such error as would justify us in reversing the order of the district court

in granting a new trial. We cannot therefore say that the court erred in granting a new trial.

The order of the district court granting a new trial is affirmed, and the case remanded for trial.

All the Judges concurring.