MARGARET McCARTHY, *as Guardian*, v. PHILIP TALBOT, *as Constable*.

No. 396. (60 Pac. 656.)

PRACTICE, COURTS OF APPEALS—*Preponderance of Testimony—Duty of Trial Court*. Where a jury return a verdict which is clearly against the weight of the evidence, it is the duty of the trial court to set it aside and grant a new trial, but this court has no authority to do so, if the verdict is supported by any evidence.

Error from Washington district court; F. W. STURGES, judge. Opinion filed February 22, 1900. Affirmed.

*T. P. Roney*, for plaintiff in error.

*J. G. Lowe*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This was an action in replevin brought by Margaret McCarthy, as guardian, against Philip Talbot, as constable, to recover the possession

of certain personal property of the value of $484. The plaintiff in her petition set forth the usual allegations for an action in replevin. The defendant for answer filed a general denial, admitting, however, his official capacity and the possession of the property. The case was tried before the court and a jury. The plaintiff demurred to the evidence, and filed a motion for judgment upon the evidence. The cause was submitted to the jury upon the pleadings, evidence, instructions of the court and argument of counsel. The jury found the issues, as to certain of the personal property of the value of $134, in favor of the defendant. A motion for a new trial was overruled. The plaintiff saved exceptions to the ruling of the court upon the demurrer, motion for judgment, and motion for new trial, and presents the record to this court for review.

The assignments of error present but one question, and that is that the verdict and judgment are against the weight and preponderance of the evidence. The principal facts as disclosed by the record are that Timothy and Margaret McCarthy are husband and wife, residing in Washington county. Mary E., Dennis T., Margaret A. and Frances J. McCarthy are their minor children. Margaret McCarthy is, by the appointment of the probate court, guardian of these minor children. Philip Talbot was at all times a constable of Greenleaf township. The property in question was levied upon by Talbot as constable as the property of Timothy McCarthy, on an execution issued out of the justice's court within his township, on a judgment for $282, in favor of E. and W. H. Barlow and against Timothy McCarthy.

The contention of plaintiff in the trial court was that the property belonged to the minor children, and that she was entitled to possession thereof as their

guardian.   The defendant in error contended that the
property belonged to Timothy McCarthy, the judg-
ment debtor, and was subject to execution for the pay-
ment of his debts, and this is the question that was
submitted to the jury.

The burden of proof was upon the plaintiff to es-
tablish the fact that the property belonged to the
minor children, if in fact it did belong to them, and
this fact must be established by a preponderance of
the evidence before the plaintiff would be entitled to
recover in the action.   It was for the jury to deter-
mine from all of the evidence and facts proved who
owned the property, the minor children, or Timothy
McCarthy, the judgment debtor.

It is insisted by the plaintiff in error that the ver-
dict was against the weight of the evidence ; that it
was therefore the duty of the trial court to set aside
the verdict and grant a new trial.   If the verdict was,
in the opinion of the trial court, clearly against the
preponderance and weight of the evidence, it was its
duty to set it aside and grant a new trial, but this
court has no authority to do so, if the verdict is sup-
ported by any evidence.   (*Blair v. Fields*, 5 Kan. 58 ;
*Pacific R. Co. v. Nash*, 7 id. 280 ; *Williams v. Townsend*,
15 id. 564 ; *U. P. Rly. Co. v. Diehl*, 33 id. 422, 6 Pac.
566 ; *Benninghoff v. Cubbison*, 45 id. 621, 26 Pac. 14.)

The plaintiff in error relies upon the case of *U. P.
Rly. Co. v. Diehl*, supra.   The decision in that case
does not support the contention. · The court says :

"We think the verdict of the jury in the present
case should have been set aside, and a new trial
granted.   It is the duty of the trial court, whenever
the verdict is clearly against the weight or preponder-
ance of the evidence, to set it aside and grant a new
trial.   The supreme court, however, have no such
power."

It has been uniformly held by this court and the supreme court that where there is some competent testimony to support a judgment the reviewing court has no authority to inquire into the weight of the evidence.   We are unable to say that the plaintiff proved her case by a preponderance of the evidence.   In a jury trial the jury are the exclusive judges of the testimony, its weight, and the credibility of witnesses. Their finding, when supported by evidence, is conclusive upon this court.

The judgment is affirmed.