No. 19,017.

FIELDER E. MOORE (MARTHA R. PROVENCE et al., sub-
stituted for FIELDER E. MOORE, Deceased, *Appel-
lants*), v. WILLIAM W. MOORE et at., *Appellees.*

SYLLABUS BY THE COURT.

1. DEED IN ESCROW—*Intention of Parties.* The effect of the de-
posit of a deed in escrow, as between the parties thereto, is
largely a question of the intention of· the parties, and es-
pecially of the grantor.

2. PRACTICE — *Demurrer to Evidence Wrongfully Sustained.*
Where there is any evidence fairly tending to establish a
right to relief in favor of one party to an action, the evidence
should all be considered, and the case should be decided upon
the preponderance thereof and not upon a demurrer to such
evidence.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed January 9, 1915. Re-
versed.

*W. P. Hackney,* and *J. T. Lafferty,* both of Winfield,
for the appellants.

*G. H. Buckman,* and *S. C. Bloss,* both of Winfield,
for the appellees.

The opinion of the court was delivered by

SMITH, J.: Fielder E. Moore and his wife, Emily
C. Moore, on November 22, 1905, executed a deed to
their son, W. W. Moore, for a farm of one hundred
five and one-half acres in Cowley county, and at the
same time received from the son and his wife a con-
tract which reads as follows:

"ATLANTA, KAN., Nov. 22, 1905.
"For and in consideration of a deed to One Hundred
Five and 50-100 acres Land in Section Four, Township
Thirty-one, Range Six East, this day deeded to us by
our parents, Fielder E. Moore and Emily C. Moore,
said deed being placed in escrow in the Citizens State

Bank, Atlanta, Kans., to be delivered to us after their death.

"We do hereby agree to pay to them or either of them so long as they may live One Hundred Dollars per annum, and to feed clothe and maintain them in such manner as is· proper and becoming from son to parents during their lifetime.

WILLIAM W. MOORE,
MARY F. MOORE."

The deed was deposited in escrow in the Citizens State Bank of Atlanta pursuant to the contract.

On August 31, 1911, Fielder E. Moore, his wife having theretofore died, began in the district court of Cowley county an action against W. W. Moore and wife, and against the, Citizens State Bank of Atlanta, alleging that the deed was void, first, for the reason that the only provision for its delivery was after the death of the plaintiff; second, that the defendants. W. W. Moore and wife had failed and refused to pay him $100 per annum and had failed to furnish him a home and clothing and to maintain him as in the contract provided; further alleging that he had no money to care for himself, and that the defendants, his son and wife, neglected and refused to provide for him in sickness from which he had suffered; and praying that the defendant bank be required to produce the deed in court, and that the court decree the same to be null and void; and that the written contract be declared null and void because of the failure of the defendants to comply therewith. For a second cause. of action the plaintiff alleged that he was the legal and equitable owner of the real estate and that W. W. Moore and wife wrongfully refused possession thereof to the plaintiff; also, that the defendant bank is in collusion with its codefendants in withholding possession of the real estate, and prays for a writ of ouster to put him in possession thereof. For a third cause of action it is alleged that the rental value of the real estate is $150 per year, and that by the time the case can be heard the

defendants will have had possession for six years, and demands judgment for $900.

Before the trial of this action Fielder E. Moore also died, but before his death his deposition in the case was taken.

At the time of the making of the deed and contract Fielder E. Moore executed his will, bequeathing his real estate to his son, W. W. Moore, and appointing an executor. When he commenced his action to set aside the deed and contract, he made another will revoking the former one and making other disposition of his property. The bringing of this action and his deposition taken therein indicate an intention on his part that the deed was to be placed, and was placed, in escrow as security for the performance of the contract on the part of his son, and that the delivery of the deed to the son was conditioned thereon. The contract does not recite any condition of the escrow except as to the time of the determination thereof. Read together, the deed and contract seem quite consistent with the idea that the purpose and intent of placing the deed in escrow was the same on the part of the grantees as shown by the contract signed by the son and his wife.

Sometime after the death of Fielder E. Moore, Martha R. Provence, Ida E. Elkins and Mary I. Mc-Clurg, having been substituted as plaintiffs in place of Fielder E. Moore, filed their amended petition therein. The substituted plaintiffs allege, and it is admitted, that they are the daughters of Fielder E. Moore, and that they and the defendant W. W. Moore are brother and sisters, and are the children and only living heirs of Fielder E. Moore and Emily C. Moore.

In the former action no copy of the deed executed by Fielder E. Moore and wife and placed in escrow was set forth in the pleadings. In the amended petition of the substituted plaintiffs it is alleged that the deed contained the following provision:

"Always provided, however, that said grantor shall

retain the use and possession of said lands here conveyed during the lives of said grantors, and that an absolute title in fee shall not pass until their death, but that the same shall be as hereby expressly reserved."

This allegation was not controverted. The reservation of the title to and possession of the land during the lives of the grantors is inconsistent with the contention that the terms of the escrow amounted to a present delivery of the deed or a present conveyance of the land to the grantees. On the other hand, it indicated an intention on the part of the grantors, their living and expenses being provided for, to accumulate the payments and the rents of the land, possibly for the benefit of their other heirs. No answer was filed to the amended petition of the substituted plaintiffs, but a former unverified general denial was considered as applying thereto. On the trial the jury was waived by all parties, and the case was tried to the court. Numerous witnesses testified on the trial as to the treatment of Fielder E. Moore by W. W. Moore and his wife during his lifetime, which evidence was somewhat conflicting. The deposition of Fielder E. Moore, taken as before mentioned, was read in evidence.

There was certainly evidence in the deposition that W. W. Moore and wife did not pay to his father $100 per year annually, or in the aggregate, from the time of making the deed and contract until the father's death. There is also evidence tending to show that W. W. Moore and wife did not feed, clothe and maintain his parents during the remainder of their lives as is proper and becoming from son to parents. There was also evidence that W. W. Moore said he did not think he was under any obligation to buy clothes for his parents; that there was no contract to that effect.

On the trial it was admitted that the real estate in question was then and is now worth $4000.

At the close of the evidence of the substituted plaintiffs, W. W. Moore and wife filed a demurrer to plain-

tiffs' evidence on the ground that such evidence was insufficient to sustain any cause of action in favor of such plaintiffs against the defendants, and was insufficient to sustain a judgment setting aside the deed in controversy. The demurrer was sustained by the court and the action was dismissed. The plaintiffs excepted to this ruling and in due time filed their motion to set aside the findings and ruling and for a new trial, which motion was overruled, and the plaintiffs appeal.

Many assignments of error are made and many other questions are discussed in the briefs.

One of the contentions of the appellees is that the delivery of the deed by Fielder E. Moore to Mr. Pauly, as managing officer of the Citizens Bank of Atlanta, was not, in fact, an escrow, but was a delivery *in præsenti* to W. W. Moore. The intention of the parties has been held to be determinative of this question. The language used by Fielder E. Moore in delivering the deed to Mr. Pauly placed no condition upon the delivery of the deed other than that it was to be delivered to the son after the death of the father. Some of the circumstances, however, indicate that the father deposited the deed with the intention that it should stand as a security for the performance of the contract on the part of the son and his wife during his lifetime, and upon performance of the contract to become effective as a conveyance after the death of the grantor. What constitutes a delivery of a deed to make it effective as a conveyance, either during the life or after the death of the grantor, is discussed in *Stone v. French,* 37 Kan. 145, 14 Pac. 530; *Lawn v. Donavan,* 2 Kan. App. 404, 42 Pac. 744; *Wuester v. Folin,* 60 Kan. 334, 56 Pac. 590, and other cases cited by appellant. The intention is a question of fact to be determined from the entire transaction. The writings should be construed by the court, and other evidence considered and weighed. So far as the bank is concerned, the language used at the time of the delivery of

the deed to its officer probably determines its duty with reference thereto, but the contract and deed considered together with the extrinsic evidence tends to indicate that the son and his wife had the same understanding of the purpose of the delivery of the deed to the bank as had the father, and that the performance of the contract on their part was the condition of the conveyance. At least we can not conclude that a demurrer to the evidence should have been sustained.

It appears from the evidence that the son and wife occupied the farm from the date of the deed, for about five years, until the father's death, the mother having died before, and during the time there is no evidence that the son in any year paid as much as $100 except one year, and the testimony is that that money was used in paying off a mortgage on the farm. It would seem that $100 per year was very low rent, even if the payments should be regarded as rent, which they were not, as the deed reserved the use of the farm to the father during his lifetime.

The evidence at least tends to show that the substituted plaintiffs are entitled to some right to relief, and the demurrer should have been overruled. All the facts should have been considered and the case determined by the preponderance thereof.

The judgment is reversed, and a new trial is granted.