Treat, C. J. This was an action of ejectment brought by Wiggins against Lusk, to recover the possession of eighty acres of land, situated in Morgan county. On the trial, the possession of the defendant was admitted, and the plaintiff introduced the following evidence:—1st. A patent from the United States to Isaac J. C. Smith, dated the 15th of October, 1834, for an undivided half of the land. 2d. A certificate of the Register of the land office, showing the purchase by Winny Boswell of the whole tract, on the 3d of July, 1832 ; and likewise showing, that Smith proved a right of pre-emption to the land, and purchased an undivided half thereof, on the 23d of January, 1833. 3d. A deed from Smith to McDowell, for an undivided half of the land, dated the 27th of April, 1833, and recorded on the 26th of October, 1836. 4th. A quit-claim deed from McDowell to the plaintiff, dated the 15th of March, 1839, for an undivided half of the land. 5th. A deed from the defendant and wife to the plaintiff, dated the 5th of March, 1839, for an undivided half of the land. The defendant produced the following evidence :■—1st. A deed from Winny Boswell to Isaiah Stiles, for the whole tract, dated the 15th of September, 1833, and recorded on the 4th of February, 1834. 2d. Proof that Stiles died intestate m September, 1834, leaving the wife of the defendant his sole heir at law. 3d. Proof that Smith died intestate in the year 1834. 4th. Proof that when the deed to McDowell was acknowledged, Smith stated to the justice, that he owed McDowell, who was his brother-in-law, and wished to secure him; that he wanted the matter kept secret, for he feared some claims would follow him from Indiana, and he wished to place the property out of the reach of those having the claims; that McDowell, who resided in Indiana, or the eastern part of this State, was not present, and the deed was returned to Smith; that after Smith’s death, his widow intermarried with John Ayers, who found the deed to McDowell among the papers left by Smith, at his decease, in the possession of the widow, and placed the same on record, and received it from the recorder. 5th. The record of a suit in chancery in the Morgan Circuit Court, commenced in March, 1836, in which the present defendant and his vrafe were complainants, and Ayres, and the widow and heirs at law of Smith were respondents, and in which a decree was entered requiring the respondents to convey to the complainants, all their right, title, and interest in the premises now in dispute. On their failure to perform the decree, the master in chancery conveyed their interest in the land to the complainants. Upon this evidence, the Court gave judgment in favor of the plaintiff, for an undivided half of the land; and in favor of the defendant, for the other half. The plaintiff brings a writ of error. In this action, the patent was -conclusive evidence of title in Smith, to an undivided half of the land. It was higher and better evidence of title, than the register’s certificate of a prior purchase by Boswell Wilcox v. Jackson, 13 Peters, 498. In -Equity, a certificate of purchase will prevail against a patent, if the right on which it is based is prior in point of time, to that on which the patent is founded. Isaacs v. Steele, 3 Scam., 97. But, at law, in the absence of fraud in the obtaining of the patent, the title derived from the patent is paramount. If the deed from Smith to McDowell was ever delivered, so as to vest the legal estate in the latter, and that estate was not defeated, by the failure to record the deed, before the suit was commenced by the heirs of Stiles to divest the title, then the plaintiff, by virtue of the conveyances from McDowell and the defendant and wife, acquired the complete legal title to the whole ■of the premises in controversy. In our opinion, however, there was no valid delivery of the deed to McDowell To render a deed operative to pass title, there must be something more than the mere signing, sealing and acknowledging. A delivery of the deed by the grantor, and an acceptance thereof by the grantee, are essential to its validity. The grantor must deliver the deed to the grantee, or to some one acting on his behalf It must be accepted by the grantee, or by some one for him. It may be delivered to a stranger for the nse of the grantee, and the acceptance by the latter will be presumed, where he claims ^ under it. But the grantor must part with all control over the deed. It cannot take effect while it remains in his possession, and is subject to his control In this case, McDowell claimed title under the deed and it was in the possession of his grantee. This raised the presumption of a delivery to, and acceptance by him. And the presumption could not be overcome, except by clear proof that there had been no actual delivery of the deed by the grantor. The evidence introduced on the part of the plaintiff showed, that the deed, after being acknowledged, was retained by the grantor, and was found among his papers, after his decease. The grantee was not present when the deed was executed, and it is very evident that he was not aware of it§ existence, until after the death of the grantor. It is an irresistible inference from this proof, that the grantor never parted with the control over the deed; in other words, it effectually rebuts any presumption arising from the other facts of the case, that the deed was ever delivered to the grantor, or to any one for his use. It was, no doubt, at one time, the intention of the grantor to convey the land to McDowell, but he died without carrying the intention into effect. His design was but in part executed; it was never consummated, so as to give the deed any legal operation. It could not take effect while it remained subject to the control of the grantor. It went into operation while he was in life, if at all. If there was no delivery by the grantor, the deed could not become operative by a delivery after his death. It was mere waste paper, and it was not in the power of Ayers to give it vitality, by placing it on record, or delivering it to the grantee. The case of Herbert v. Herbert, Breese, 278, is strongly in point. In that case, T. E. Herbert executed a deed to his brother, J. C. Herbert, to whom he was largely indebted, and had the same acknowledged and recorded. The deed was found among the papers of the grantor after his death, and was delivered by his administrator to a third person. The Court held that there had been no valid-delivery of the deed. It said: “It is most manifest that there could have been no delivery of the deed to the grantee, so as to pass the estate. The act of recording a deed, cannot amount to a delivery, when, there does not appear an assent, or knowledge by the gr-ánter, óf the act. In this case, there is not a scintilla of evidence calculated to lead the mind to the belief, that the grantee ever knew of the existence of the deed until after the death of the grantor. There could then ® have been no acceptance by the grantee, because the possession of the deed, if such had been the fact, derived after the death of the grantor, could not amount to one, there having been no delivery during the life of the grantor.” The judgment of the Circuit Court must be affirmed, with costs. Judgment affirmed.