**MASSIE v. HUTCHESON et al.   (No. 2228.)**[*]

(Court of Civil Appeals of Texas. Amarillo. Jan. 9, 1924.   Rehearing Denied Feb. 13, 1924.)

1. **Trial** &#8658;388(2)—Findings and conclusions of trial judge where case tried to jury.

It is not necessary for the trial judge to file his findings and conclusions in a case tried to a jury; but, having filed them, the reviewing court will consider such of them as may be pertinent while considering the several contentions.

2. **Lost instruments** &#8658;8(1)—What presumption may be indulged in in favor of conveyance stated.

A presumption may be indulged in of a proper conveyance, where there has been a long-continued claim of title asserted in such manner as to charge the other party with knowledge of the claim, and where there has been a corresponding acquiescence by the other party in such claim, and strict proof of the execution and contents of such conveyance is not required.

3. **Evidence** &#8658;271(9), 317(5)—Statements as to conveyance held inadmissible as hearsay and self-serving.

Statements in private conversation that speaker had received a deed of land, such statements being made more than 1,000 miles away from the land and from those who might be adverse claimants, were hearsay and self-serving and inadmissible, in action between claimants under conveyances from heirs of the speaker and others claiming under record owner.

4. **Lost instruments** &#8658;8(3)—Circumstantial evidence to establish contents of lost deed must be strong.

Circumstantial evidence to establish the contents of a lost instrument, which is to con-

---

stitute a muniment of title, must be strong and convincing.

**5. Evidence ⊜186(7)—Parol evidence to supply record testimony received with caution.**

Parol evidence to supply record testimony should be received with great caution.

**6. Appeal and error ⊜842(7)—Trial 139(1)—Sufficiency of evidence, matter determined by trial and reviewing courts.**

Whether the evidence is sufficient to support a verdict is a question of fact which both the trial court and the appellate court may determine.

**7. Appeal and error ⊜209(1)—Insufficiency of evidence may be complained of in absence of objection to submission of issue.**

The insufficiency of the evidence to sustain an issue may be made the basis of a complaint .in the appellate court, even though no objection to the submission of the issue was made in the court below.

**8. Appeal and error ⊜854(2)—Correct judgment sustained though based on erroneous reason.**

If the judgment of the trial court is correct, it will not be disturbed, though in rendering it the trial judge states an erroneous reason for doing so.

**9. Lost instruments ⊜8(3)—Evidence held insufficient to prove execution of deed.**

In action involving the existence of a lost or destroyed deed, evidence *held* insufficient to warrant a finding that any deed was·executed.

**10. Deeds ⊜181—Destruction of deed does not affect title.**

One by burning a deed does not divest himself of title to land conveyed by the deed.

**11. Evidence ⊜78—Destruction of written evidence gives rise to presumption matter not favorable.**

The deliberate destruction of written evidence gives rise to the presumption that the matter destroyed is not favorable to the spoliator.

Appeal from District Court, Floyd County; G. E. Hamilton, Special Judge.

Trespass to try title by Rachael L. Hutcheson and others against W. M. Massie. Judgment for plaintiffs, and defendant appeals. Affirmed.

I. W. Stephens, of Fort Worth, Kinder & Russell, of Plainview, and A. P. McKinnon and ,Kenneth Bain, both of Floydada, for appellant.

P. B. Randolph and Williams & Martin, all of Plainview, and T. P. Adams, of Wichita Falls, for appellees.

HALL, C. J. The appellees, as the heirs of Dr. Jos. Jones, filed this suit in trespass to try title against appellant to recover the title and possession of section No. 109, in block 1, in Floyd county,. patented to H. A. and J. L. Cagle. The appellant Massie pleaded not guilty and the statutes of limitations of three, five, and ten years. For the sake of brevity we will not here make an extended statement of the facts, since they are practically the same as are shown in the published reports of this case, to which we refer in (Tex. Civ. App.) 159 S. W. 315; ·110 Tex. 558, 222 S. W. 962; (Tex. Civ. App.) 226 S. W. 695, where the judgment was reversed and remanded. It was again tried at the March term, 1923, of the district court of Floyd county, and the jury returned a special verdict answering in the affirmative the two issues submitted by the court as follows:

"(1) Did Dr. Jones and wife execute and deliver to C. W. Haxton, on or about the 14th day of January, 1878, a deed to survey No. 109, the land in controversy in this case?

"(2) Did C. W. Haxton voluntarily burn the instrument which he claimed was a deed to land in Texas?"

[1] The court entered a judgment in favor of the appellees, based upon this verdict, and in doing so ignored the first finding as being immaterial. In addition to the findings of the jury, the trial judge filed findings of fact and conclusions of law. It was not necessary for the trial judge to file his findings and conclusions, because the case was tried to a·jury; but, since he has filed them, we will consider such of them as may be pertinent while considering the several contentions. Ward v. Etier·(Tex. Com. App.) 251·S. W. 1028.

Under the first proposition it is contended that the district court was bound to follow the verdict of the jury in rendering judgment or to set the verdict aside and grant a new trial, and could not disregard such verdict even though it might be against the evidence. It is recited in the judgment that the first special issue was wholly immaterial and was for that reason disregarded by the trial court. The appellant contends that the first special issue is the controlling issue in the case and that the court should not have submitted the second special issue, which was merely evidentiary, and that the judgment should have been based upon the first special issue and judgment rendered for appellant accordingly. The plaintiff sought to recover the land as the heirs of Dr. Jones and wife, and the substance of appellant's contention under this proposition is that since the jury found that Jones and wife did deed the land to C. W. Haxton, and because the evidence showed that appellant Massie had, since the suit was filed, obtained conveyances from the heirs of Haxton, a judgment for appellant is ' the only proper decree which the court could have entered. If the finding of the jury in reply to the first special issue is sustained by the evidence and the second finding is immaterial, this contention should be sustained But, in passing upon the facts before us in

this record, which are substantially the same upon the former appeal, this court held that the evidence was not sufficient to sustain a judgment for the appellant. We find nothing in this record to change that opinion. In 226 S. W. on page 699, Boyce, Justice, said:

"I, however, agree to the reversal of the case on the ground that under the particular facts of the case the appellee, claiming under the alleged deed from Joseph Jones to C. W. Haxton, was bound to furnish clear proof of the existence of such instrument, and its contents, and that the proof falls short of this requirement, particularly in respect to the description of the property conveyed by the deed, to the existence of which the witnesses testified."

It appears from the evidence that Jones and wife came to Texas from Indiana, and in May, 1877, together with one Garshwilder, Jones acquired the title to section 109, with four other sections of land patented to the same original grantees, in Floyd county, Tex.; that Jones and Garshwilder, by joint deed, conveyed one of the other sections to John Weir, and then by an exchange of deeds divided amongst themselves the remaining four sections. In the partition deed Jones obtained the title to sections 109 and 117. In the same year Jones conveyed section 117 to one Dean. After the death of Jones it appeared from the deed records of Floyd county that Jones had never conveyed section 109. Jones had never paid any taxes on that section, and it was not listed in the inventory of property belonging to his estate. The appellees, having learned that the record title of 109 appeared to be in their father, filed this suit. Soon after Dr. Jones came to Texas, C. W. Haxton, under whom appellant claims, came to Texas, bringing some horses and other personal property belonging to Jones, and lived with Jones, as stable man, for several years, returning to Attica, Ind., where he had previously known Jones. After his return to Indiana and as early as 1882, Haxton stated to several persons that he owned some land in Texas. In 1886 he showed the witness Robinson a paper which he said was a deed to him from Dr. Jones. In 1882 he exhibited an instrument to his half-brother, Jerry Haxton, which he said was a deed to a section of land in Texas, but which he did not permit his brother to read. Jerry Haxton further testified that his brother, C. W. Haxton, got out some papers a few days before his death in 1902, and said he was going to burn them, and when, afterwards, he was asked about the Texas deed, replied, "Ashes tell no stories." Layman, the son-in-law of C. W. Haxton, testified that Haxton lived with his family for several years and on several occasions referred to his ownership of some land in Texas, and that in 1879 and again in 1884, exhibited to the witness an instrument which Layman read and described as a deed from Dr. Jones and wife to said Haxton, to a section of land in Floyd county,

Tex. The witness could give no further description of the land as contained in the deed. The deed from Jones to Dean, conveying section 117, was executed and acknowledged January 17, 1878. The instrument, whatever it was, referred to in the notarial record of Julius Royer, was executed and acknowledged by Dr. Jones on January 14, 1878, and by his wife on January 28, 1878. The notarial record merely shows the execution and acknowledgment of some instrument, the character of which is not stated by the notary, by Jos. Jones and wife; the land being described only as located in Floyd county, "H. A. and J. L. King, Grantees." Neither C. W. Haxton nor any of his heirs, under whom appellant claims, ever paid any taxes on the land or asserted any claim to the property in any other way until after the institution of this suit in 1911, when they conveyed it to the appellant, W. M. Massie.

[2] This court held upon the former appeal that the case was not governed by the rule announced in cases in which the doctrine is stated that a presumption may be indulged in favor of the conveyance where there has been a long-continued claim of title asserted in such manner as to charge the other party with knowledge of the claim and where there has been a corresponding acquiescence by the other party in such claim. The law is settled in this state that a presumption may be indulged of a proper conveyance under such circumstances and that strict proof of the execution and contents of such conveyance is not required. Taylor v. Watkins, 26 Tex. 688; Herndon v. Vick, 89 Tex. 469, 35 S. W. 143; Fletcher v. Fuller, 120 U. S. 534, 7 Sup. Ct. 667, 30 L. Ed. 763. In the last-named case the Supreme Court of the United States said:

"It is not necessary, * * * in the cases mentioned, for the jury, in order to presume a conveyance, to believe that a conveyance was in point of fact executed. It is sufficient if the evidence leads to the conclusion that the conveyance might have been executed and that its existence would be a solution of the difficulties arising from its nonexecution."

As stated by Judge Boyce, this court also held that the facts in this case are not sufficient to enable the appellant claiming under C. W. Haxton to invoke the benefit of any presumptions in their favor, citing Baldwin v. Goldfrank, 88 Tex. 249, 31 S. W. 1066; Magee v. Paul, 110 Tex. 470, 221 S. W. 256. In the Goldfrank Case our Supreme Court said:

"In many courts it is held, that proof of possession under the deed is necessary in order to establish such presumption. The rule, that a deed or a power may be presumed after a long lapse of time, is not an arbitrary one. It does not rest upon any consideration of public policy with reference to quieting titles to property. It has its just foundation in the principal, that long and continuous acts of ownership, acquiesced in knowingly by those

who hold an apparently adverse title, lead to the conclusion that the person so exercising such acts have acquired the title. * * * The presumption of a grant or of a power from claim of ownership upon the one side, and an acquiescence upon the other, rests rather upon the acquiescence of the latter than upon the claim of the former. Without proof of such unequivocal acts of ownership long continued and brought home to the adverse party, acquiescence in the claim cannot be established. * * * The presumption would seem to be not that the power did in fact exist, but rather that it did not exist, or that for some other reason not disclosed, no title passed by the deed." Mills v. Herndon, 60 Tex. 357.

Judge Boyce further quotes from Tayloe v. Riggs, 1 Pet. 591, 7 L. Ed. 279, as follows:

"When a written contract is to be proved, not by itself, but by parol testimony, no vague, uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself. The substance of the agreement ought to be proved satisfactorily; and, if that cannot be done, the party is in the condition of every other suitor in court who makes a claim which he cannot support. When parties reduce their contract to writing, the obligations and rights of each are described and limited by the instrument itself. The safety which is expected from them would be much impaired if they could be established upon uncertain and vague impressions made by a conversation antecedent to the reduction of the agreement."

[3] The statements made by C. W. Haxton upon which the claim is founded were made more than 30 years prior to the trial, in private conversations, more than 1,000 miles away from the land and from those who might be adverse claimants. The evidence of Jerry Haxton and of Robinson, to the effect that C. W. Haxton told them that the paper which he held in his hands at that time was a deed to Texas land, is hearsay and is further inadmissible upon the ground that it was a self-serving declaration. The evidence might have been admissible when coupled with other testimony showing possession, payment of taxes, and exercise of acts of ownership; but they are not competent evidence in this case and should be disregarded by this court. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. Layman, being the son-in-law of C. W. Haxton, was an interested witness, and his testimony shows that he was ignorant of the requisites of a deed. These facts materially weaken the force and effect and to some extent the credibility of his testimony. 2 Moore on Facts, pars. 799, 929, and 930. The notary's record referred to above does not show that the instrument which was acknowledged by Dr. Jones and his wife, in January, 1878, was in fact a deed. It does not show what land, nor how many sections, if any, were described in it, and fails to state what was the consideration, if any, for the instrument. This is not the quality, quantity, nor degree of proof necessary to establish the contents of a lost instrument.

[4, 5] By the great weight of authority it is settled that circumstantial evidence, to establish the contents of a lost instrument which is to constitute a muniment of title, must be strong and convincing. The courts say that such proof must be "clear and positive," "clear and certain," "clear and satisfactory," "clear and explicit," "clear and convincing," and "clear, cogent and convincing." See note to Lucas v. Hensley, L. R. A. 1918B, 875, 880. See, also, Thomas v. Ribble, 2 Va. Dec. 321, 24 S. E. 241; Shorter v. Sheppard, 33 Ala. 648. "When parol proof of the existence and contents of a lost deed is offered as the only evidence thereof, the witness must have seen and read it, and be able to speak pointedly and clearly as to its tenor and contents, and to state whether it conveys a fee simple, a life estate, or a term for years, and whether it in fact was executed by the supposed grantor. Dagley v. Black, 197 Ill. 53, 64 N. E. 275.

"Parol evidence to establish the contents of a lost deed should be clear and certain. It should show that the deed was properly executed with the formalities required by law, and should show all the contents of the deed, not literally, but substantially. If anything less than these requirements would suffice, evil practices, which it was the object of the statute of frauds to prevent, would be encouraged." Edwards v. Noyes, 65 N. Y. 127; 2 Elliott on Evidence, § 1488; 2 Jones on Evidence, § 227; Mays v. Moore, 13 Tex. 85.

In the last-cited case Judge Lipscomb said:

"It is always a question addressed to the discretion of the court, to determine whether the basis has been laid by proving the loss or destruction of a record, to let in proof that such record once did exist. This discretion is not an arbitrary, capricious discretion, but must be a reasonable conclusion from the evidence. * * *"

Parol evidence to supply record testimony should be received with great caution. In such cases the temptation to fraud and perjury would be very great and the difficulty, if not the impossibility, of a conviction for perjury and of rebutting such evidence, would be an encouragement to an unscrupulous witness. Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 844; 2 Moore on Facts, §§ 891, 944.

[6-8] Whether the evidence is sufficient to support a verdict is a question of fact which both the trial court and this court may determine. Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030. We are not called upon in this case to substitute our finding of fact for that of the jury. The insufficiency of the evidence to sustain an issue may be made the basis of a complaint in this court even though no objection to the submission of the issue was made in the court below. Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427. By three different

propositions, based upon their cross-assignments, the appellees show that they objected to the submission of the first special issue because of the insufficiency of the evidence to warrant the court in submitting it. The record further discloses that they requested the court to direct a verdict in their favor, which the court refused to do. This presents fundamental error. If the judgment of the trial court is correct, it will not be disturbed, though in rendering it the trial judge states an erroneous reason for doing so. Walker v. Garland (Tex. Com. App.) 235 S. W. 1078.

[9] We think the first issue is material, but we also think that under the well-established rules of law governing the proof of the contents of a lost deed as applied to the facts of this case, the evidence falls far short of the law's requirements as announced in the numerous decisions which we cited and quote from above.

[10] The contention that the act of C. W. Haxton, in burning his papers, would not divest him of the title to the land, is sound as an abstract proposition, but cannot be made applicable to this case, since it assumes that there is competent evidence showing that he had acquired title to any land in virtue of the instrument which he destroyed.

[11] The deliberate destruction of written evidence gives rise to the presumption that the matter destroyed is not favorable to the spoliator. Haid v. Prendiville, 292 Mo. 552, 238 S. W. 452; In Re Enos' Will, 196 App. Div. 131, 187 N. Y. Supp. 756. See note b 34 L. R. A. 583; Gugins v. Van Gorder, 10 Mich. 523, 82 Am. Dec. 55; Vanauken v. Hornbeck, 14 N. J. Law, 178, 25 Am. Dec. 509; Wycoff v. Wycoff, 16 N. J. Eq. 401; Clark v. Hornbeck, 17 N. J. Eq. 430; Blade v. Nolan, 12 Wend. (N. Y.) 173, 27 Am. Dec. 126; Enders v. Sternbergh, *40 N. Y. 264.

The rule is further declared that where, as in this case, the intentional destruction of the instrument is established, the presumption is so strong that secondary evidence of the contents of the instrument is inadmissible until the spoliator has rebutted the inference of a fraudulent purpose in destroying it to the satisfaction of the court, 22 C. J. 320; Woicicky v. Anderson, 95 Conn. 534, 111 Atl. 896, and authorities there cited; 2 Mod. L. of Ev. § 1078. Appellant concedes this to be the rule under some circumstances, but we find that it is announced in numerous cases and almost without dissent. As stated, the jury found that C. W. Haxton voluntarily burned the instrument which he claimed was a deed to land in Texas, and the only evidence tending to explain his act was the statement, which he made immediately after, that "Ashes tell no stories." A reasonable inference from this statement would be that the recitals in the deed would not verify and corroborate the claim he had been making as the owner of a section of land in Texas. Under the rule announced, secondary evidence of the contents of the deed was not admissible until the trial court was satisfied that his act was not fraudulent. The jury made no finding as to why he destroyed it. The trial judge concluded that all evidence tending to show the contents of the destroyed instrument should be disregarded. While we do not base the affirmance of the judgment upon this ground, we strongly incline to the opinion that the trial court's holding in this particular is correct.

The remaining assignments are without merit and will not be discussed in detail.

The judgment is affirmed.

RANDOLPH, J., not sitting.