(No. 31000.—

LOTTIE HELPER, Appellant, *vs.* MARGARET CONNOLLEY *et al.,* Appellees.

*Opinion filed May 19, 1949.*

WALTER C. OVERBECK, of Henry, for appellant.

FRED W. POTTER, JR., of Chicago, for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellant, Lottie Helper, filed suit December 1, 1947, in the circuit court of Marshall County against her daughter, appellee Margaret Connolley, and others, to establish a lost deed in her favor to residence property in Henry, Illinois, and to compel a conveyance thereof to her. A master in chancery reported in favor of appellant but the circuit court sustained exceptions to the report and dismissed the complaint as amended, for want of equity. A freehold being involved, the appeal comes directly to this court.

Soon after her husband's death in 1919, appellant purchased the property in question and resided thereon until May 12, 1947. December 7, 1933, being then a widow about 62 years of age, she conveyed it by warranty deed to her son, Harold H. Helper. That deed is not in question here, but it is conceded title passed under it to Harold. At the time of the conveyance the son was married but his wife died October 10, 1943. He departed this life testate July 4, 1944, while a resident of Los Angeles, California. By his will the premises in question were devised to his sister, appellee Margaret Connolley. Appellant placed much

reliance upon her son Harold for advice and financial assistance. Her deed to him was made for the expressed consideration of one dollar and natural love and affection.

Thomas C. Waterous, an attorney of Henry, served as agent and attorney for appellant on different occasions, took her acknowledgment of the deed to Harold, and also served as attorney and agent in some matters for Harold. January 26, 1934, Harold H. Helper wrote a letter to attorney Waterous in which he said in part, "Regarding the deed to the town property. I would assume that you felt a deed was better than a second mortgage. I am enclosing the signed deed transferring the property back to mother as you requested." February 16, 1934, attorney Waterous wrote to Harold Helper saying, in part, "I am enclosing herewith the deed of the home place which it will be necessary to have your wife sign and acknowledge before a notary. This deed from yourself back to your mother, according to my understanding, is to be held in escrow, and in event of your mother's decease it is to be returned to you." Both of the letters referred to the property here in question. Objection was made to the introduction of the letter from attorney Waterous to Harold but appellant does not argue that its admission was error. On the other hand, her brief quotes a portion of it as being favorable to her. Had there been complete delivery to Waterous for appellant, his subsequent statement could not undo what had been done. What he said in the letter, however, may be considered in determining whether or not such delivery had been effected.

Why attorney Waterous requested the deed from Harold back to his mother is not disclosed nor does the nature of the request appear. Evidently there was another communication between the two which does not appear of record. Waterous had gained the impression from some source that the deed was to be held in escrow and upon the mother's death returned to Harold. Harold's letter of

January 26, 1934, gave no instructions whatever concerning the delivery of the deed. The letters from which the above-quoted excerpts were taken were found in the respective files of Harold H. Helper and attorney Waterous after they departed this life, the latter having died in August, 1941. No other correspondence bearing upon the delivery of the deed in question was produced. Harold's letter found in the attorney's file almost three years after Harold's death was the first and only information appellant had concerning this deed.

The appellant contends that when Harold sent his deed to attorney Waterous that constituted a delivery to her because Waterous was her attorney and agent; that delivery being effected, title could not thereafter be divested through any act of the grantor, even though the deed should later come into his possession; that the deed having been returned to him for a specific purpose did not affect the legal delivery and under such circumstances when the deed is not produced the presumption arises that it was destroyed by the grantor and, having been destroyed by him, the appellant is not required to make strict proof of its contents in order to establish a legal right founded thereon.

Appellee Margaret Connolley takes the position that there was no delivery of the deed from Harold to appellant; that attorney Waterous was not such agent of the mother as to render delivery to him the same as delivery to her; that there were no instructions given by Harold concerning delivery and that delivery to a stranger or third person under the circumstances here shown is not sufficient to pass title to the grantee named in the deed; that attorney Waterous was agent for Harold as well as for appellant; that the evidence fails to establish the contents of the deed and no presumption arises as to its contents, as there was no showing that the instrument was destroyed by Harold.

The law is well settled that where one deliberately destroys a written instrument the contents of which subse-

quently become a matter of judicial inquiry between the spoliator and an innocent party, the latter will not be required to make strict proof of the contents of such instrument in order to establish a legal right founded thereon. (*Anderson* v. *Irwin*, 101 Ill. 411; *Hudson* v. *Hudson*, 287 Ill. 286; *Jordan* v. *McGrew*, 400 Ill. 275.) And where one destroys a deed, the presumption may be that the deed conveyed a fee-simple title. *Hudson* v. *Hudson*, 287 Ill. 286.

The principles enunciated in the above cases are not applicable here. There is no evidence and no presumption that Harold H. Helper deliberately destroyed any deed. There is no evidence other than the statement of attorney Waterous in his letter of February 16, 1934, that the deed was returned to Harold. Assuming that it was so returned, we cannot further assume that it was wilfully and intentionally destroyed. There is no evidence from any witness who ever saw the deed as to what its contents were, whether it was acknowledged or whether it was a warranty or a quitclaim deed. Neither is there any proof that the deed did not require the doing of something by the grantee. Proof of the contents of lost deeds must be so clear and positive as to leave no reasonable doubt of the substance of the material parts of the paper. *Rankin* v. *Crow*, 19 Ill. 626; *Dagley* v. *Black*, 197 Ill. 53; *Shipley* v. *Shipley*, 274 Ill. 506.

There are several reasons why the delivery of the deed to attorney Waterous was not a delivery to appellant. There is no evidence that the attorney was such an agent for appellant as to constitute a delivery to him delivery to her. He was therefore a mere stranger or third party to whom the deed was sent and as such would be required to follow whatever instructions were given him relative to delivery. Delivery of a deed may be made through a stranger or third person and if his instructions are clear and the grantor parts with all control over the instrument,

the delivery is effected. (*Hudson* v. *Hudson*, 287 Ill. 286; *McClugage* v. *Taylor*, 352 Ill. 550.) In the present case no instructions whatever concerning delivery were given so far as the record discloses. The record does show that Waterous did not accept delivery of the deed for the appellant either as her agent or as a third person designated for that purpose. He said in his letter of February 16, 1934, "This deed from yourself back to your mother, according to my understanding, is to be held in escrow, and in event of your mother's decease it is to be returned to you." How he gained that understanding is not disclosed, but that he had it is clear. It cannot be assumed that he would act contrary to that understanding. If his authority was to hold the deed in escrow and upon the appellant's death return it to Harold, there was no delivery. (*Provart* v. *Harris*, 150 Ill. 40; *Dagley* v. *Black*, 197 Ill. 53.) According to his statement he was not even authorized to deliver the deed to appellant should Harold predecease her. A deed must take effect upon its execution and delivery or not at all. If it is only to take effect on the death of the grantor it is void as not being in compliance with the statute of wills as to the testamentary disposition of property. *Benner* v. *Bailey*, 234 Ill. 79; *Shipley* v. *Shipley*, 274 Ill. 506, 513.

Proof that a deed was not in the possession of the grantee at the grantor's death but was then in the possession of a stranger or third person makes a *prima facie* case that the deed was not delivered. If there was in fact a delivery of the deed to a third person as an escrow, it is incumbent on the grantee to show the terms of the condition on which the deed was to be delivered by the third person to the grantee and that the condition has been complied with. *Scott* v. *Cornell*, 295 Ill. 508; *Selby* v. *Smith*, 301 Ill. 554; *McClugage* v. *Taylor*, 352 Ill. 550.

Appellant argues that the deed in question being in the nature of a voluntary settlement, delivery to her will be

presumed. None of the cases cited in support of her position bear any analogy to the facts in the present case and they are not controlling.here.

From the facts in this case we cannot hold that a delivery of the deed in question was effected but must hold that the nondelivery thereof was established. It will not be necessary to discuss any of the other points raised. In our opinion the action of the circuit court in dismissing the complaint for want of equity was justified and the decree will be affirmed.

*Decree affirmed.*